MANUEL MARINA VILLALOBOS, demandante y apelante, *v.* MARCIAL SUÁREZ Y SUÁREZ, demandado y apelado.

No. 5555.—*Sometido:* Diciembre 7, 1932. *Resuelto:* Mayo 29, 1934.

*P. Amado* y *L. Llorens Torres,* abogados del apelante; *C. Coll y Cuchí,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta apelación la interpuso el demandante contra sentencia que declaró sin lugar su demanda.

José María Marina Sánchez murió en 1896 con testamento en el que legó a su hijo Manuel el tercio de libre disposición

de sus bienes, a una hija el de mejora y en el tercio restante instituyó como herederos suyos a los cinco hijos que tuvo en su matrimonio con Antonia Villalobos. A su fallecimiento quedaron bienes gananciales y entre ellos tres fincas rústicas, una de veinte cuerdas de terreno, otra de setenta y una y la última de ocho, que fueron inscritas en el registro de la propiedad el mismo año a nombre de sus herederos en común pro indiviso, haciéndose constar en las inscripciones correspondientes a esas fincas que al hijo Manuel pertenecía por legado el tercio de libre disposición de la mitad de las fincas más sus derechos como heredero.

José María Marina Villalobos, uno de los hijos que sólo tenía participación en un tercio como heredero, vendió en el año 1898 a su madre Antonia Villalobos la participación que le correspondía como heredero en esas tres fincas y en otras y también el tercio de la mitad de libre disposición, que fué legado a su hermano Manuel, cuyas ventas fueron así inscritas en el registro de la propiedad en dicho año 1898. La madre heredó después la participación que por el tercio de mejora y por herencia correspondía a su hija María Luisa en los bienes de su padre. Al inscribirse posteriormente en 1906 una hipoteca constituída por Antonia Villalobos y por sus hijos Modesto y Angel María, el registrador hizo constar en la inscripción que si bien de inscripción anterior aparece que José María Marina Villalobos vendió a su madre un tercio de la mitad, ese concepto está equivocado pues lo que inscribió dicha señora fué la participación que interesaba José María Marina Villalobos, que es una quinta parte de la mitad, que es de lo que únicamente podía disponer. En 1912 Antonia Villalobos y sus hijos Manuel, Angel y Modesto vendieron las fincas manifestando ser dueños de ellas en común y pro indiviso, sin especificar la parte correspondiente a cada uno de ellos. Las tres fincas mencionadas son propiedad actualmente de Marcial Suárez y Suárez.

Todos los hechos expuestos constan en el registro de la propiedad.

Recientemente Manuel Marina Villalobos demandó, con el resultado que hemos dicho al principio, a Marcial Suárez y Suárez para que se declare nula la escritura por la cual José María Marina vendió en 1898 a su madre, en cuanto se refiere al tercio de la mitad de las fincas y todas las ventas sucesivas, incluso la hecha al demandado: para que se ordene la cancelación de las inscripciones de esos títulos en el registro de la propiedad: para que se declare que ese tercio es del demandante: para que se le entregue por el demandado, y en su defecto cierta cantidad de dinero, y para que le pague por el usufructo de él otra cantidad en metálico. El fundamento de todas esas peticiones es que el mencionado tercio es del demandante por lo que su hermano José María no podía enajenarlo.

■■ Es cierto que José María Marina Villalobos no era dueño del tercio indiviso de una mitad de las expresadas fincas que vendió a su madre y que tal venta fué inscrita, pero como en el registro se hizo constar al inscribirse los bienes hereditarios de José María Marina Sánchez a favor de sus herederos que había legado a su hijo Manuel el tercio de libre disposición y como el registrador rectificó después el error que había sido cometido al inscribir la venta de dicho tercio hecha por José María Marina, no comprendemos cómo puede el apelante haber sido privado de tal derecho, con mayor motivo cuando posteriormente él vendió su participación en las fincas sin determinar sus derechos en ella, lo que equivale a una enajenación de todos los que en las fincas tenía, inclusive su tercio de una mitad que él no había enajenado antes, que constaba en el registro y del cual no podía ser privado ni fué privado, pues la inscripción errónea de esa venta por José María Marina fué prontamente corregida en el registro. Todos esos hechos constan en dicha oficina y eran conocidos por Manuel Marina toda vez que los registros de la propiedad son públicos y las constancias de sus libros dan conocimiento a todas las personas.

El apelante dice que el registrador no estaba facultado

para la rectificación que hizo pero, aunque así sea, no vemos en qué puede perjudicarle una rectificación que le favorece.

Alega también el apelante que la corte inferior no tuvo en cuenta la declaración del demandante según la cual él no tuvo conocimiento hasta 1913 de ser el dueño del tercio objeto de este pleito. Del registro de la propiedad, cuyas constancias son públicas, aparece que su derecho a ese tercio fué inscrito a su nombre el mismo año que su padre falleció, por lo que tal conocimiento es de más importancia que el que expuso en su declaración.

*La sentencia apelada debe ser confirmada.*